CORMIER<br>v.<br>RYAN.

---

## W. KILGORE *v.* C. & G. GREVEMBERG.

The servitude of drain belonging to a front proprietor will not authorize him to drain his plantation by artificial ditches upon a plantation in rear, when the *natural* drainage of the front plantation is lateral.

APPEAL from the District Court of St. Mary, *Voorhies*, J.

*H. C. Wilson* and *T. H. Lewis*, for plaintiff. *J. G. Olivier* and *H. Gibbon*, for defendants and appellants.

MERRICK, C. J. This action is brought by the plaintiff to compel the defendants to close certain ditches which throw the water in large quantities upon the plantation of plaintiff, and to recover damages in consequence of the same.

The defendants' plantation is situated upon the Bayou Teche, and extends back, as to a part of the same, between two and three miles.

The plaintiff's plantation is situated a short distance in the rear of the defendants' plantation, a tract of land intervening between them.

At the termination of the upper line of the defendants' plantation, (this line not extending back the whole distance, but forming a corner with the back line, from which the upper *rear* line projects some distance below,) there is a natural ridge of land extending across, or nearly across the defendants' plantation.

The flow of the waters from the natural drainage of the front portion of defendants' plantation was each way along a depression or *coulée* directly in front, of this ridge of land; the one portion running transversely across the corner of the plantation adjoining above, into a bayou running to the rear of the plantation, and the other making off, at nearly right angles with defendants' lower line, into a marsh. Five of the ditches complained of, cut through the ridge referred to and conduct almost the entire drainage of defendants' plantation to the rear, at a point where it overflows the plaintiff's. The defendants' lower ditch run-

KILGORE
v.
GREVEMBERG.

ning between a mile and a half and two miles, flows into a *coulée* extending across defendants' plantation, and has the same tendency.

There have been two jury trials, both of which have terminated in the favor of plaintiff. The first (which was set aside by the Judge then presiding) ordered the ditches to be filled, and gave the plaintiff five dollars damages.

The last verdict gave the plaintiff two thousand dollars damages, and directed the ditches to remain open.

Judgment having been rendered thereon, defendants have appealed. The plaintiff has filed an answer to the appeal, praying an amendment of the judgment, and that the ditches should be closed.

On the part of the defendants, it has been contended that, under the authority of *Becknell* v. *Wendhal*, 7 An. R., 291, every front proprietor upon a water course has the right to drain his land from the front to the rear, because, as is there said, the natural flow of the water is in the direction of the swamps in the rear.

But in the case before us, it is shown that this natural drainage of the front portion of the defendants' plantation was interrupted by a ridge of land, and that the natural drainage was lateral upon the depressed portions of the plantations both above and below. It would, therefore, be unjust to say that, because the plaintiff happens to reside upon *une langue de terre* in the rear of defendants' plantation, that therefore his plantation should be condemned in part to sterility. He has the same right to protection that the front proprietor has; and the mere fact of residing on the bayou, gives the front proprietor no right to occasion by artificial works the overflow of such elevated land in the rear as otherwise would not be subject to such overflow.

Two juries have found verdicts in favor of the plaintiff; and although the last verdict is, perhaps, informal, we think the issue has been, in substance, determined in favor of the plaintiff.

From their superior opportunities of judging of the locality and witnesses, we should feel a hesitation in setting aside their verdict, even if we had some doubts as to the correctness of their finding. In this case, however, the testimony leads us to the same conclusion, viz: that the issue should be determined in favor of the plaintiff; but we think he is entitled to have the ditches closed at the point of land dividing the waters of the front portion of the defendants' plantation from the rear, and that, in consequence, the damages allowed should be reduced. The testimony is not very definite in regard to the amount of damages sustained. We think two hundred and fifty dollars all we are authorized to grant under the evidence.

It is proper to remark that we have not permitted the advantage which the plaintiff's plantation has derived from the large canal excavated by O. *Delahoussaye*, to influence our opinion in this case, for that is a matter foreign to the issue before us.

It is therefore ordered, adjudged and decreed by the court, that the judgment of the lower court be so amended as to reduce the damages allowed by said decree to the sum of two hundred and fifty dollars, and also, so as to order, adjudge and decree the defendants to close all the ditches and canals upon their plantation which are cut through the ridge of land formed on the upper line of the defendants' plantation, at about the distance of 116 chains and 36 links from the Bayou Teche, on said line, and which said ridge extends from the point where the same is touched by said upper line, in an easterly direction, across or

nearly across the defendants' plantation; said ditches and canals to be closed and filled up at the point only where they are cut through said ridge of land herein indicated; and that it is further ordered that the long ditch or canal on or near the defendants' lower line, be closed at the point where the extension of said ridge would fall across said ditch at right angles; and it is further ordered that, if need be, a writ of *distringas* issue to enforce this judgment; and that the judgment of the lower court, as amended, be affirmed, and that the defendants pay the costs of both courts.