SOWERS & JAMISON v. E. SHIFF, L. MILLAUDON and A. LESSEPS.

Evidence called for *ex officio*, by the Judge, after the case is submitted and under advisement, is unauthorized, and will be disregarded on appeal.

Where a natural drain exists on one estate in favor of another, the mere fact that the owner of the estate in favor of which such servitude exists cuts a ditch or canal leading such water into the drain, as would, if left in a state of nature, find its way by a slow process, is not such an aggravation as would be unauthorized, where it has for its object the interest of agriculture, and does not tend to redeem swamp lands, or to turn the natural course of water into another direction.

APPEAL from the District Court of the Parish of Plaquemines, *Foulhouze, J. T. Gilmore, J. M. Bonner,* and *A. P. Field,* for plaintiffs and appellants. *I. E. & C. N. Morse,* for defendants.

DUFFEL, J. The plaintiffs allege, that they are the owners of a tract of land known as the Union Plantation, situated in the parish of Plaquemines, at about eleven leagues below the City of New Orleans, and on the same side of the river Mississippi, having about eighteen arpents front to said river, by forty arpents in depth, below and contiguous to which lie the lands lately belonging to *Alexander* and *Auguste Lesseps,* but now cultivated by, and in the possession of the defendants, and known as the Bonsecour Plantation. The plaintiffs further aver, that there exists upon their plantation a bayou or natural drain which takes its source above, runs across their plantation, and obliquely across the said Bonsecour Plantation, by means of which the plaintiffs' plantation is drained, or the waters thereof find their natural course. They further charge, that notwithstanding the natural servitude thus due by the lower estate in favor of their upper estate, the said defendants have, on or about —— day of —— last past, constructed or caused to be constructed a dam across said bayou on the division line of the two estates, thus obstructing the natural course of the water, whereby they have been damaged by the loss of their crop, &c., &c., to the extent of $34,000, as follows :

| | |
|---|---:|
| 120 acres of cane (total loss) | $ 18,000 |
| 40 acres of ratoons (next year) | 3,000 |
| Damage done to land by water | 12,000 |
| Damage done, hauling wood, wear and tear of negroes, carts, mules, &c. | 1,000 |
| | $ 34,000 |

They aver that the defendants, although thereto amicably requested, refuse to remove said dam and to pay them the above sum ; and pray that they be ordered to remove said obstruction and be condemned to pay, in solido, the above sum of thirty-four thousand dollars.

The defendants in their answer deny the existence of any servitude on their

estate in favor of the plaintiffs' property, or the existence of any natural drain or bayou as described in the petition, and oppose to such servitude the prescription of ten, twenty and thirty years.

The District Judge after hearing the parties, dismissed the suit.

The conclusion to which we have arrived does not require us to express any opinion on the several bills of exception taken on the trial of the cause. We will however remark, that the evidence called for *ex officio* by the Judge, after the case had been submitted and was under advisement, was unauthorized, and, therefore, disregarded by this court.

The witnesses of the defendants establish, beyond a shadow of doubt, that the bayou or coulée described in the plaintiffs' petition is a natural drain, and that the estate of the defendants owes, as charged, a natural servitude to the estate of the plaintiffs. And the only remaining question is : have the plaintiffs, by their acts, so aggravated this natural servitude as to authorize the erection, by the defendants, of the dam complained of? We adhere to the opinion expressed in the case of *Martin* v. *Jett*, 12 La., p. 503, and the liberal interpretation therein given to Art. 656 of the Civil Code ; for we conceive that a strict and rigid application of said Article would condemn to perpetual sterility all the rich lands in lower Louisiana bordering on the Mississippi River. If the mere fact of my upper neighbor's cutting a ditch or canal leading in a natural drain, into which, the waters thus accumulating, would, if left in a state of nature, find their way by a slow process, were a sufficient warrant to justify my closing the natural drain, it is evident that my lower neighbor could exercise the same right, as also the owners of the lands in the immediate rear. Thus, in a very short time, would every plantation be completely shut up, with no other means of getting rid of the surplus water than by absorption and evaporation,—a state of thing which was never contemplated by the Legislature. The evidence shows that said coulée runs across the plaintiffs' plantation at a distance of from twelve to fifteen arpents from the river, and that the whole of the front land, which is all good and productive, is more effectually drained by ditches which fall into the coulée ; and that from the coulée, running back to a distance of about seven acres, there is a gradual elevation in the soil of about eighteen to twenty-four inches, with a descent from that point to the back swamps where the tide water of the Gulf backs, and at long intervals overreaches the ridge. The evidence further shows, that there are three old ditches from the coulée to the ridge, the lower of which cuts the ridge and extends to the swamp or to another back coulée. The plaintiffs have expressed their willingness, if required, to close said ditches, and we will in our decree protect the defendants in this respect ; although the evidence does not show satisfactorily that the defendants have been injured thereby.

Upon the whole, we are of opinion that the aggravation of the servitude was authorized, as it had for object the interest of agriculture, and did not tend to redeem swamp lands or to turn the natural course of water into another direction. We will dispose of the plea of prescription by inserting here the Article 791 of the Civil Code. " Prescription for non-usage does not take place against natural or necessary servitudes, which originate from the situation of places."

Two of plaintiffs' witnesses have assessed the damages by, in a great measure, simply swearing to the correctness of the bill of charges. The assessment is so evidently overrated and extravagant, that we only allude to it for the purpose of expressing our disapprobation ; and inasmuch as we have no other testimony bearing on this branch of the case, we will, in this respect, remand the cause to

enable the plaintiffs to prove, by legal evidence based upon real facts, the reasonable damages resulting from the acts of the defendants.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed. It is further adjudged and decreed, that the defendants be, and they are hereby ordered to remove and demolish, on their plantation, the obstruction or dam constructed across the coulée described in the plaintiffs' petition. It is further adjudged and decreed, that the plaintiffs be, and they are hereby ordered, to fill up and stop effectually all the ditches or canals on their plantation, at the extreme height of the ridge described in our opinion, and in such a manner as to keep the tide water from running in the same before overflowing the ridge itself. It is further ordered, that this cause be remanded to the court *à quà* to pass on the question of damages, and that the costs of both courts be paid by the defendants.

LAND, J., absent.