(43 South. 49.)

No. 16,057.

SAVOIE v. GUILLORY.

(Jan. 21, 1907. Rehearing Denied Feb. 18, 1907.)

WATERS—SURFACE WATERS—DRAINAGE—PRESCRIPTION.

The proprietor above can do nothing whereby the servitude of natural drain due by the estate below may be rendered more burdensome, as by diverting the waters of one drain into another by means of a levee. Civ. Code, art. 660. Where such diversion has continued for less than 10 years, no prescription is applicable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Waters and Water Courses, §§ 131–134, 153.]

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by Francois E. Savoie against Theophile Guillory. Judgment for plaintiff, and defendant appeals. Affirmed.

Edward Benjamin Du Buisson, for appellant. Lewis & Lewis and R. Lee Garland, for appellee.

LAND, J. The defendant's contention is that he has acquired by the prescription of 10 years a servitude of drain on the lands of the plaintiff.

It appears that there are two natural drains through the lands of the defendant. One of these drains traverses the lands of the plaintiff. The other traverses the lands of another proprietor. More than 10 years prior to the institution of this suit, the defendant closed both drains by a levee, for the purpose of making a reservoir to furnish water for irrigating his rice field. The tendency of this work was to diminish the volume of water which flowed through the drain across the lands of the plaintiff. He was not damaged, and made no complaint. About three years before the institution of this suit, the defendant determined to abandon the culture of rice, and to engage in raising cotton and corn. His lands were of a marshy nature, and the levee was useful in preventing overflows. To give additional protection to his own property, the defendant cut the dam across the drain leading into the lands of the plaintiff, thus diverting the water of one of the drains from its natural course over his land, and imposing the servitude of both drains on the plaintiff's estate. Plain-

tiff in this action seeks to compel the defendant to restore the natural drainage. As already stated, the sole defense is prescription. There was judgment in favor of the plaintiff, and the defendant has appealed.

The district judge well said:

"If any prescription at all be applicable in this case by which the defendant could have acquired a servitude over plaintiff's land, the period of prescription would not have commenced from the date of the construction of that levee. but from the date at which the defendant by opening and deepening the cut in the levee opposite the plaintiff's land diverted the entire drainage that way."

The learned judge a quo further held that no prescription is applicable to this case, citing Civ. Code, art. 795, which reads as follows:

"Prescription for non usage does not take place against natural or necessary servitudes which originate from the situation of the places."

In the case of Sowers v. Shiff, 15 La. Ann. 301, the defendant, who had erected a dam across a bayou, pleaded the prescription of 10 and 30 years. The court disposed of the plea of prescription by citing Civ. Code, art. 795. The servitude of drain arises from the natural situation of the places, and the proprietor above cannot stop the water, or give it another direction when it leaves his premises, or do anything whereby the natural servitude due by the estate below may be rendered more burdensome. Civ. Code, arts. 660, 661. The defendant has violated the last prohibition by maintaining a dam across one drain, and thereby diverting the natural flow of the waters to the other drain, thus increasing the burden of the servitude resting on plaintiff's estate. The provisions of Civ. Code, art. 660, apply where the natural drainage of the front plantation is lateral, and the water is diverted by artificial ditches upon a plantation in the rear. Kilgore v. Grevenberg, 10 La. Ann. 689, 63 Am. Dec. 597. In the case at bar the diversion was by a levee. If defendant acquired any prescriptive rights by closing the drain debouch-

ing on the estate of the plaintiff, they were abandoned or relinquished when he opened the same drain about three years before the institution of the present suit. The effect of this opening coupled with the maintenance of the levee across the other drain was to divert the entire drainage over the lands below. This condition of things lasted less than four years, and therefore the short prescription of 10 years, as provided by article 765 of the Civil Code, has no application.

Judgment affirmed.